**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMANDA D. TULL,

Defendant - Appellant.

No. 98-3253
(D. Ct. No. 98-CR-20021-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing defendant Tull to a seventy month term of incarceration which included a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c).  Defendant appeals on the ground that the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court erred in applying the two-level enhancement for defendant Tull's role in the offense. We affirm.

Defendant Tull pled guilty to a one-count indictment which charged her with kidnaping and carrying away newborn baby Carlie Shockey from the Kansas University Medical Center and willfully transporting her in interstate commerce from the state of Kansas to the state of Missouri in violation of 18 U.S.C. §§ 1201(a)(1) and 2. The presentence report in this matter recommended a two-level increase in defendant's sentence for her role as an organizer or leader in the offense pursuant to U.S.S.G. § 3B1.1(c). Defendant argues on appeal that the district court lacked a sufficient factual basis for this enhancement.

The factual basis upon which the two-level enhancement was imposed relies upon the plans that defendant clearly made with respect to purchasing a baby bed for her home, entering the University of Kansas Medical Center when security guards were not on duty in the maternity ward, and the availability of the car seat, which was given to the co-defendant to place in the car. Defendant objected to the enhancement at the sentencing hearing which was held on September 1, 1998. The district court denied defendant's objection and imposed the two-level enhancement. In reviewing a district court's decision to impose an enhancement pursuant to § 3B1.1(c), we review the underlying factual findings for clear error and the legal conclusions de novo. See United States v. Shumway,

112 F.3d 1413, 1424 (10th Cir. 1997).

Defendant claims on appeal that she should not have been subject to the two-level enhancement because she was the only person with criminal culpability in the crime. Co-defendant Mr. Hall pled guilty to being an accessory after the fact and there were no other participants in this offense. The relevant inquiry in the imposition of a two-level enhancement for a role in the offense is whether the defendant had any decision-making or any managerial authority in the criminal enterprise. The factual basis that is provided in the presentence report and was relied upon at the sentencing hearing is clearly adequate to show criminal culpability of both of the co-defendants and that the defendant's role in the offense took into account all of the conduct within the criminal enterprise. It is sufficient under the United States Sentencing Guidelines that other persons whom a defendant supervised were culpably involved in the charged crimes that were part of the same course of conduct or common scheme or plan as the offense of conviction. See United States v. Allemand, 34 F.3d 923, 931 (10th Cir. 1994). All of the facts that support the leader or organizer status of this defendant were before the district court and fully support the imposition of the two-level

enhancement.  We AFFIRM.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge